THE LAW FIRM OF

# JONATHAN R. MILLER

*Jonathan R. Miller, Esq.*
*Admitted in NJ, NY & PA*
jonathan.miller@lawyer.com

Tel.: 609-955-1226
Fax: 609-964-1026
jmillerlawfirm.com

*Main Office:*
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540

*New York Office:*
300 Cadman Plaza West, 12th Floor
Brooklyn, N.Y. 11201

November 14, 2022

**VIA ECF**
The Honorable Joseph F. Leeson, Jr., U.S.D.J.
U.S. District Court for the Eastern District of Pennsylvania
Edward N. Cahn U.S. Courthouse and Federal Building
504 West Hamilton St., Suite 3401
Allentown, PA 18101

Re:   *Samiam Group, LLC v. Coopersburg Associates, Inc.*, No. 22-cv-02256-JFL

Dear Judge Leeson:

Lead counsel Robert Epstein and I represent the Plaintiff in the above-referenced matter. We write in brief response to defense counsel's November 14, 2022 letter responding to our November 9, 2022 letter request that the Court instruct Defendant to comply with long-pending discovery demands directly germane to Plaintiff's recoverable damages.

We stand by the contents of our prior letter: Defendant has been slow-walking its discovery responses, providing only incomplete documentary evidence, and appears to be grossly under-reporting its product sales and revenues while also claiming roughly $100,000 in undocumented "expenses."

Our concerns are further confirmed by the fact that, just a few minutes before sending its November 14th response letter to Your Honor, defense counsel belatedly produced an additional 285 pages of documents, doubling Defendant's total document production to date — just three days before Defendant's deposition — in a clear effort to avoid discovery sanctions.

Defendant offers no plausible excuse for withholding these documents for the past two months, and its failure to timely produce these documents has prejudiced Plaintiff's ability to depose Defendant this coming Thursday.

Moreover, despite Defendant's belated efforts, its compliance remains spotty and incomplete:

**1. Defendant's Beverage Bat purchase *orders placed with its supplier*:**

Defendant has produced copies of only some of its purchase orders: 3/24/2021 (two facially identical orders), 5/24/2021, 8/26/2021, 8/27/2021 and 4/13/2022,[1] and copies of certain invoices indirectly disclosing a few additional orders: 4/20/2020, 8/24/2022, 9/9/2022, 9/16/2022, 9/26/2022, 9/27/2022.[2] However, Defendant has failed to produce any purchase orders, invoices, bills of lading, or similar evidence relating to orders placed

---

[1] CBS-0056, -0060 to -0064

[2] CBS-0058, -0059 (*revised invoice*), -0302 to -0306.

between 4/20/2020 and 3/24/2021, nor anything for April, June, July and September 2021, nor for February, March, June and July 2022.

Because of Defendant's failures Plaintiff has been forced to incur additional legal fees and expenses in order to subpoena these documents from Defendant's supplier, DirecSource. *See* **Exhibit 1**. DirecSource's response is not due until November 21st — after the date of Defendant's deposition. We believe, respectfully, that Defendant should pay all fees and costs incurred in connection with that subpoena, and that Defendant should be available for further deposition (if necessary) once we have received the subpoenaed documents.

2. **Evidence of Defendant's Beverage Bat orders that were *actually fulfilled by its supplier*:**

Defendant has produced only a few product invoices and payment receipts issued by Defendant's supplier relating to Beverage Bat orders: 4/20/2020, 8/24/2022, 9/9/2022, 9/16/2022, 9/26/2022, 9/27/2022.[3] Defendant has produced no invoices or proofs of payment relating to orders placed on 3/24/2021 (two facially identical orders), 5/24/2021, 8/26/2021, 8/27/2021 and 4/13/2022 or any other date.[4]

3. **Evidence of Defendant's Beverage Bat sales, i.e. all *customer invoices* and *customer payment receipts* issued by Defendant:**

Defendant has just now (11/14/22) produced 241 pages of customer invoices. About half of them are redacted. This is inappropriate because they have already been labeled "Confidential — Outside Counsel's Eyes Only" under the existing protective order in this case. There is no plausible reason to redact documents that have already been designated as confidential. Moreover, we believe even this belated production is grossly incomplete. Defendant has not disclosed any Beverage Bat sale before February 2021 even though it apparently ordered at least 10,000 Beverage Bats from its supplier starting in April 2020.[5]

Defendant should be instructed to provide complete and unredacted documentation of its sales, revenue and profits.

In order to better substantiate the true volume of Defendant's Beverage Bat sales, we requested authenticated copies of its periodic Major and Minor League Baseball royalty reports. Defendant continues to ignore that request.

4. **Defendant's full and timely compliance with Plaintiff's outstanding discovery demands:**

Defendant continues to slow-walk its discovery responses. It timely responded to Plaintiff's first request for admissions — but irrationally refuses to admit that its fully

---

[3] CBS-0058, -0059 (*revised invoice*), -0302 to -0306.

[4] Defendant has produced a couple of other invoices from its supplier, but these do not show the number of Beverage Bats ordered or shipped.

[5] CBS-0058, -0059 (*revised invoice*).

sealed plastic baseball bat, the CSX Bat, is not a drinking vessel.[6] Defendant also responded — two days late — to Plaintiff's second request for documents, but has not yet complied with Plaintiff's second and third requests for admissions.

Lastly, to the extent that defense counsel seems to fault me, personally, for not attending the settlement conference, this is completely without merit. Plaintiff traveled from Hartford, Connecticut to attend the conference in person together with lead counsel, Mr. Epstein. Magistrate Judge Carlos was charged with trying to broker a settlement, not with supervising discovery. Attorney Neagle has my cellphone number and could have telephoned me at any time to discuss discovery-related issues. He did not do so — not at the settlement conference and not at any other time.

For all the foregoing reasons, we respectfully request the Court's intervention, whether by teleconference, summary order, or otherwise, including attorney fees and monetary penalties for each day until Defendant's full compliance.

Thank you for Your Honor's consideration.

Respectfully,

Jonathan R. Miller

Enclosure(s)
cc:   R. Epstein, Esq.
      D. Neagle, Esq.

---

[6] The CSX Bat is a plastic (high-density polyethylene) baseball bat sold as a set together with a ball made from polyurethane foam. It is not plausibly usable as a drinking vessel — not for beer, nor Kool-Aid, nor anything else. Defendant's refusal to admit this is indicative of its general approach to this dispute. *See* https://www.coopersburgsports.com/products/dodgers-csx-bat-display. (*Attached as* ***Exhibit 2***.)

# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Samiam Group, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21-cv-02256-JFL |
| Coopersburg Associates, Inc. dba Coopersburg Sports | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Barbaras Development, Inc. dba DirecSource dba Directex dba Dongguan DirecSource Supply Chain Mgmt. Co.
3567 Old Conejo Road, Newbury Park, CA 91320-2122

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  *** see attached ***

| Place: The Law Firm of Jonathan R. Miller<br>100 Overlook Center, 2nd Floor, Princeton, NJ 08540<br>or via email to: jonathan.miller@lawyer.com | Date and Time:<br>11/21/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/26/2022

| CLERK OF COURT | OR | /s/ Jonathan R. Miller, Esq. |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Samiam Group, LLC  , who issues or requests this subpoena, are:

Jonathan R. Miller, 100 Overlook Center, 2nd Fl., Princeton, NJ 08540 Tel. 609-955-1226 jonathan.miller@lawyer.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>COOPERSBURG ASSOCIATES, INC. dba Coopersburg Sports,<br><br>               Defendant. | Case No. 22-cv-02256-JFL<br><br>**ADDENDUM TO<br>SUBPOENA DUCES TECUM** |

**TO:**   Barbaras Development, Inc. dba DirecSource dba Directex dba Dongguan DirecSource Supply Chain Mgmt. Co.
3567 Old Conejo Road
Newbury Park, CA 91320-2122

### DOCUMENTS REQUESTED

You must produce the following documents in your possession, custody or control:

1. All paper and electronic documents, including but not limited to purchase orders, invoices, bills of lading, payments and communications, relating to the BEVERAGE BAT baseball bat-shaped drinking vessel and/or any other baseball bat-shaped drinking vessel, ordered by or on behalf of Coopersburg Associates, Inc. dba Coopersburg Sports.

2. All paper and electronic documents, including but not limited to purchase orders, invoices, bills of lading, payments and communications, relating to the BEVERAGE BAT baseball bat-shaped drinking vessel and/or any other baseball bat-shaped drinking vessel, shipped to or on behalf of Coopersburg Associates, Inc. dba Coopersburg Sports.

Date: November 4, 2022

/s/ Jonathan R. Miller, Esq.
*Attorney for Plaintiff*

**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. 609-955-1226 (cell)
Fax 609-964-1026
jonathan.miller@lawyer.com

# Exhibit 2



Home / Products / Los Angeles Dodgers CSX Bats



## LOS ANGELES DODGERS CSX BATS

CSX BATS

BUY NOW:
2 CSX bats – $30.00 (Per Pair)

· FULL COLOR TEAM LOGO
· MADE OF SAFE HDPE MATERIAL*
· BALL MADE OF SOFT HIT PU FOAM
· MADE FROM 100% RECYCLEABLE *MATERIAL
· Licensed by Gametime Corp

· *HDPE – IS HIGH DENSITY POLY – ETHELENE

Add to cart

Share:




### RELATED ITEMS


Los Angeles Dodgers Signature Wood 18" Bat


"Los Angeles Dodgers" Dodger Stadium Poly 18" Bat


Los Angeles Dodgers Team Logo Wood Grain Poly 18" Bat


Los Angeles Dodgers Acrylic Bat

Copyright © 2021 Coopersburg

