**DESIGN IP**
*A Professional Corporation*

INTELLECTUAL PROPERTY LAW

**VIA EMAIL TO Chambers_of_Judge_Joseph_F_Leeson_Jr@paed.uscourts.gov**

November 14, 2022

The Honorable Joseph F. Leeson, Jr., U.S.D.J.
U.S. District Court for the Eastern District of Pennsylvania
Edward J. Cahn Courthouse and Federal Building
504 W. Hamilton St., Suite 3401
Allentown, PA 18101

Re:   *Samiam Group, LLC v. Coopersburg Associates, Inc.*
      Docket No. 22-CV-02256-JFL

Dear Judge Leeson:

We write in response to Plaintiff's counsel's letter dated November 9, 2022 requesting the court's assistance with discovery disputes between the parties.

The following is Defendant's position regarding the discovery issues in dispute:

1. <u>Full and complete documentation of Defendant's BEVERAGE BAT orders placed with its supplier</u>.  All sales orders from Defendant's supplier that are in the possession of Defendant have already been produced to Plaintiff's counsel.  They are Bates numbered CBS-00056 and 60-64.

2. <u>Full and complete documentation of the number of BEVERAGE BAT orders that were actually fulfilled by Defendant's supplier</u>.  All invoices from Defendant's supplier (which are the documents that reflect shipment of an order from Defendant's supplier to Defendant or one of Defendant's customers) that are in the possession of Defendant have already been produced to Plaintiff's counsel.  They are Bates numbered CBS-00057-59, 65-69, and 302-306.

3. <u>Full and complete documentation of Defendant's BEVERAGE BAT sales</u>.  Defendant produced a report extracted from its accounting software that provides detailed information (date, invoice number, customer name, SKU, number of units, price per unit, total price, etc.) for every sales transaction for the BEVERAGE BAT.  Due to the way its invoices are stored, it was burdensome to locate and produce each individual invoice.  In addition, those invoices provide data relating to sales of products not at issue in this lawsuit.  For these reasons, Defendant objected to production of the invoices themselves.  In the interest of moving this matter forward, Defendant has gathered and produced all sales invoices.

4. <u>A firm date for Defendant's deposition</u>.  Defendant's 30(b)(6) deposition has been scheduled for November 17, 2022.

The Honorable Joseph F. Leeson, Jr., U.S.D.J.
November 14, 2022
Page 2 of 2

      5.   <u>Defendant's full compliance with Plaintiff's outstanding discovery</u>.  As of the date of this letter, Defendant has provided good faith responses to all discovery requests that are due.

As explained in the correspondence submitted with opposing counsel's letter, some of the expenses associated the BEVERAGE BAT cannot easily be discerned from documents in the possession of Defendant and the calculations/assumptions upon which some expense figures are based will be best understood through Defendant's deposition.  If any disputes remain after Defendant's deposition, Defendant agrees to consider in good faith any requests for additional documents.  If the parties are unable to agree, we would welcome the Courts guidance to reach a prompt and efficient resolution.

We also wish to note that we were prepared to discuss the discovery issues at last Tuesday's settlement conference with Judge Carlos.  Attorney Miller was unexpectedly absent from the conference and Attorney Epstein was not able to articulate the basis for Plaintiff's concerns with the accuracy of the sales data provided by Defendant.  From our perspective, this hampered settlement discussions and eliminated the option of having a productive in-person discussion of the discovery issues.

It is our sense that, if any discovery disputes remain after Defendant's deposition later this week, that a teleconference with the Court will be sufficient to reach resolution.

Respectfully submitted,

_____
Damon A. Neagle
Counsel for Defendant
*damonneagle@designip.com*
*direct:  610.395.8005*