# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC<br>　　　　　　Plaintiff,<br>　v.<br>COOPERSBURG ASSOCIATES, INC. dba COOPERSBURG SPORTS<br>　　　　　　Defendant. | Case No. 22-cv-02256-JFL<br><br>**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT'S USE OF ITS OWN DEPOSITION TESTIMONY** |

　　　　SAMIAM GROUP, LLC files this Motion in Limine to preclude Defendant from offering at trial all or parts of the deposition testimony of its president, Scott Pino, as proof of any matters asserted therein.

　　　　Pino was deposed on November 17, 2022 as Defendant's representative. *See* Fed. R. Civ. P. 30(b)(6). Defendant has indicated that it intends to use his deposition transcript to support its case in chief. *See* Defendant's attached list of exhibits (D-25, D-26, D-27).

　　　　Statements made during deposition testimony that are offered at trial to prove the truth of the matter asserted are hearsay. Fed. R. Evidence 801(c). Such hearsay statements are not admissible except as specifically provided for by rule prescribed by the Supreme Court or other statutory authority. Fed. R. Evidence 802.

　　　　Because neither Defendant nor Pino are "unavailable" to testify in person, *see* Fed. R. Evidence 804(a); *see also* Fed. R. Civ. P. 32(a)(4), Defendant cannot use Pino's deposition testimony except to the extent that one of the Rule 803 hearsay exceptions apply. None do. *Cf.* Fed. R. Evidence 803(1)-(23). Because none of these hearsay exceptions apply, Defendant should

1

be precluded from using Pino's deposition transcripts for any purpose whatsoever. *See* Fed. R. Civ. P. 32(a)(1).[1]

                                        Respectfully submitted,

                                        /s/ Robert L. Epstein, Esq.
                                        **Epstein Drangel LLP**
                                        60 E. 42nd Street, Suite 1250
                                        New York, NY 10165
                                        Tel: 212 292 5390
                                        Email: repstein@ipcounselors.com
                                        (Pro Hac Vice)

                                        /s/ Jonathan R. Miller, Esq.
                                        **The Law Firm of Jonathan R. Miller**
                                        100 Overlook Center, 2nd Floor
                                        Princeton, N.J. 08540
                                        Tel. (609) 955-1226
                                        jonathan.miller@lawyer.com

---

[1] Rule 32 addresses when depositions may be used at trial:

> (a) USING DEPOSITIONS.
>
> (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> *(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and*
>
> (C) the use is allowed by Rule 32(a)(2) through (8).

*See* Fed. R. Civ. P. 32(a)(1) (emphasis added). Because no hearsay exceptions apply, Pino's deposition transcript may not be used for any purpose whatsoever.

## TABLE OF EXHIBITS

Documents with greyscale shading are Protected Documents and may be filed under seal.

| Description of Document | Trial Exhibit # |
|---|---|
| **Beverage Bat (photo in Exhibit – specimen submitted to the Court)** | **D-1** |
| **CBS0006 - Coopersburg Sports CSX Bat** | **D-2** |
| **The Beer Bat – Generation 1 (photo in Exhibit – specimen submitted to the Court)** | **D-3** |
| **Amazon.com product listing – Louisville Slugger Replica Bat and Ball Combo (specimen to be used in court)** | **D-4** |
| **Amazon.com product listing – Easton Pro Stix 1000 Baseball Bat (specimen to be used in court)** | **D-5** |
| **Side-by-Side Comparison of '498 Patent and the Beverage Bat** | **D-6** |
| **Letter dated May 28, 2021 from Robert Katz to Scott Pino** | **D-7** |
| **Email dated June 21, 2021 from Damon Neagle to Robert Katz** | **D-8** |
| **USPTO File History – US Patent Application No. 29/814,646** | **D-9** |
| **Correspondence from Coopersburg's counsel to Samiam's counsel regarding position on infringement** | **D-10** |
| **Summary of Beverage Bat Revenue and Expenses – (prepared by Collen Knauss)** | **D-11** |
| **CBS00592 – PO 3787** | **D-12** |
| **CBS00601 – Sales Order** | **D-13** |
| **CBS00617 - Invoice** | **D-14** |
| **CBS00377 – Customer Invoice** | **D-15** |
| **CBS00053-CBS00055 – Beverage Bat by Month Summary** | **D-16** |
| **Total labeling expenses for the Beverage Bat** | **D-17** |
| **Deposition of Samuel McGee on November 17, 2022 (Non-Confidential)** | **D-18** |
| **Deposition of Samuel McGee on November 17, 2022 (Confidential)** | **D-19** |
| **Deposition of Samuel McGee on November 17, 2022 (Confidential – Outside Counsel's Eye's Only)** | **D-20** |
| **Levy Letter dated December 4, 2019** | **D-21** |
| **Delaware North Email dated September 14, 2022** | **D-22** |
| **Plaintiff's Responses to Defendant's First Set of Interrogatories** | **D-23** |
| **The Beer Bat – Generation 2 (photo in Exhibit – specimen submitted to the Court)** | **D-24** |
| **Deposition of Scott Pino on November 17, 2022 (Non-Confidential)** | **D-25** |
| **Deposition of Scott Pino on November 17, 2022 (Confidential)** | **D-26** |
| **Deposition of Scott Pino on November 17, 2022 (Confidential – Outside Counsel's Eye's Only)** | **D-27** |
| **USPTO File History – US Patent No. D888,498** | **D-28** |
| **Examples of Court Decisions Granting Summary Judgment of Non-Infringement** | **D-29** |
| **Markup of Differences between the'498 Patent and the Beverage Bat** | **D-30** |