**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMIAM GROUP, LLC<br><br>            Plaintiff,<br><br>   v.<br><br>COOPERSBURG ASSOCIATES, INC. dba COOPERSBURG SPORTS<br><br>            Defendant. | Case No. 22-cv-02256-JFL<br><br><br>**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM PRESENTING ANY EVIDENCE RELATING TO DEFENDANT'S DESIGN PATENT APPLICATION** |

SAMIAM GROUP, LLC files this Motion in Limine to preclude Defendant from presenting any evidence to the jury at trial relating to Defendant's design patent application including any testimony and any exhibits relating to the file history of Defendant's design patent application because such evidence is not relevant to the ordinary observer test and would likely confuse the jury as to what evidence can properly be used in deciding the issue of patent infringement.

The Court has the authority to decide the present motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) and rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) and to decide such motions to ensure the jury is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses. *See United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).

The Court may consider *in limine* motions under Federal Rules of Evidence 401, 402, and 403. Federal Rule of Evidence 402 provides that evidence is not admissible if it is not relevant, and evidence is not relevant when it does not have "any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401. Even if evidence is relevant, however, it may nevertheless be subject to exclusion under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Unfair prejudice is an "undue tendency to suggest decision on an improper basis." *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (citing Fed. R. Evid. 403 advisory committee's note).

This is an action for the infringement of Plaintiff's design patent for a drinking vessel in the shape of a baseball bat. This Court has already ruled that Plaintiff's asserted design patent is valid and that the issue of infringement must be presented to the jury and decided based on the ordinary observer test. *See* SJ Opinion (ECF #53).

Defendant previously argued that it is entitled to summary judgment as to non-infringement of Plaintiff's design patent because the USPTO concluded that Defendant's own design is "patentably distinct." *See* Def. SJ Br. (ECF #37-2) at 25. In response, Plaintiff argued that Defendant's approved design patent application is not a valid defense in this case, because merely having a patent does not give the owner the right to market or sell a product that infringes another, pre-existing patent:

> [A] patent on an accused design, or the fact that an accused design is itself patentable is not a defense to a claim that the accused design infringes a previously issued patent. Defendant cannot use Mr. Pino's patent (when it is issued) as a defense in this case. A patent does not give the owner the right to make, use, market or sell the patented product if the patented product infringes another person's pre-existing patent. It only gives the patent owner the right to stop others from making, using, marketing and selling the patented product, or otherwise infringing the owner's patent. 35 U.S.C. § 154; *see also Vaupel Textilmaschinen KG v. Meccanica Euro Italia*

*S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991). Coopersburg's patent on the design of the BEVERAGE BAT is not a defense to Plaintiff's patent infringement claim. *See Koninklijke Philips N.V. v. Ideavillage Prods. Corp.*, 2021 U.S. Dist. LEXIS 185394, at *16 n.6 (D.N.J. Sep. 27, 2021) (rejecting the idea that a "patentably distinct" design can never be found to infringe a similar, prior design patent).

> A patent does not give the owner an affirmative right to make, use, market or sell a product which infringes someone else's patent . Instead, a patent may be "dominated" by an earlier, broader patent, to the extent that the subsequent, narrower patent cannot be practiced. "One of the simplest, clearest, soundest, and most essential principles of patent law, is that a later invention may be validly patented, although dominated by an earlier patent." *In re Sarett*, 327 F.2d 1005, 1014 (C.C.P.A. 1964).

*See* Pl. SJ Opp. Br. (ECF #44-9) at 25.

The Court agreed:

> Coopersburg also argues that it is entitled to summary judgment on this issue because the USPTO issued the '646 Allowance. However, the '646 Allowance does not preclude a finding of patent infringement per se. *See Koninklijke Philips N.V. v. IdeaVillage Prod. Corp.*, No. 2:21-CV-08706-KM-ESK, 2021 WL 4438185, at *7 n.6 (D.N.J. Sept. 27, 2021).

*See* SJ Opinion (ECF #53) at 25 n.3.

One of the most frequently misunderstood concepts in patent law is that a patent is a negative monopoly. That means a patent provides a right to exclude others from making, using, selling, offering to sell or importing what the patent claims. 35 U.S.C. § 154. However, that right to exclude does not confer to the patent holder an affirmative right to practice the patented invention.

A patent on an accused design, or the fact that an accused design is itself patentable or is the subject of an allowed patent application, is not a defense to a claim that the accused design infringes a previously issued patent. *See Koninklijke Philips N.V. v. Ideavillage Prods. Corp.*, 2021 U.S. Dist. LEXIS 185394, at *16 n.6 (D.N.J. Sep. 27, 2021). The applicable section of the Patent

Statute, 35 U.S.C. § 282(b), lists the possible defenses to patent infringement. A prior patent or allowed patent application is not listed as a possible defense to a claim of patent infringement. Defendant's patent application for the design of the accused product is *not* a defense to Plaintiff's patent infringement claim.

Defendant has indicated that it intends to elicit testimony relating to Defendant's design patent application and to present to the jury an exhibit including a copy of the file history of Defendant's design patent application. *See* attached (Exh. D-9). Defendant should be precluded from doing so.

As noted, this Court has already ruled that the issue of infringement must be presented to the jury and decided based on the ordinary observer test. In applying the ordinary observer test, the jury will be asked to compare Defendant's accused product with Plaintiff's patented design and determine whether they are "substantially the same." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020).

No aspect of the ordinary observer test calls for comparing the plaintiff's patented design with the alleged infringer's design patent application. Evidence relating to Defendant's design patent application is likely to confuse the jury, because jurors may mistakenly believe that an allowed patent application (or patent) somehow gives Defendant the right to sell a product that infringes Plaintiff's patent, which it does not.

Even arguably relevant evidence is subject to exclusion if it is likely to confuse the jury. Fed. R. Evidence 403. Exclusion is especially apt in this instance, because Defendant did not even apply for a design patent until more than five months *after* Plaintiff's cease-and-desist letter

notified Defendant about Plaintiff's infringement claims.[1] *Cf. United States v. Evdokimow*, 726 F. App'x 889, 895 (3d Cir. 2018) (evidence of delayed tax payments made after defendant learned he was being investigated for conspiracy and tax evasion was properly excluded because such evidence would confuse the jury).

Accordingly, Defendant should be precluded from presenting any evidence to the jury at trial relating to Defendant's design patent application including any testimony and any exhibits relating to the file history of Defendant's design patent application because such evidence is not relevant to the ordinary observer test and would tend to confuse the jury in deciding the issue of patent infringement.

Respectfully submitted,

/s/ Robert L. Epstein, Esq.
**Epstein Drangel LLP**
60 E. 42nd Street, Suite 1250
New York, NY 10165
Tel: 212 292 5390
Email: repstein@ipcounselors.com
(Pro Hac Vice)

/s/ Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com

---

[1] Plaintiff notified Defendant about the claimed infringement on May 28, 2021. *See* ECF #37-14. Defendant applied for a design patent for the accused product on November 8, 2021. *See* ECF #37-27.

**TABLE OF EXHIBITS**

Documents with greyscale shading are Protected Documents and may be filed under seal.

| Description of Document | Trial Exhibit # |
|---|---|
| Beverage Bat (photo in Exhibit – specimen submitted to the Court) | D-1 |
| CBS0006 - Coopersburg Sports CSX Bat | D-2 |
| The Beer Bat – Generation 1 (photo in Exhibit – specimen submitted to the Court) | D-3 |
| Amazon.com product listing – Louisville Slugger Replica Bat and Ball Combo (specimen to be used in court) | D-4 |
| Amazon.com product listing – Easton Pro Stix 1000 Baseball Bat (specimen to be used in court) | D-5 |
| Side-by-Side Comparison of '498 Patent and the Beverage Bat | D-6 |
| Letter dated May 28, 2021 from Robert Katz to Scott Pino | D-7 |
| Email dated June 21, 2021 from Damon Neagle to Robert Katz | D-8 |
| USPTO File History – US Patent Application No. 29/814,646 | D-9 |
| Correspondence from Coopersburg's counsel to Samiam's counsel regarding position on infringement | D-10 |
| Summary of Beverage Bat Revenue and Expenses – (prepared by Collen Knauss) | D-11 |
| CBS00592 – PO 3787 | D-12 |
| CBS00601 – Sales Order | D-13 |
| CBS00617 - Invoice | D-14 |
| CBS00377 – Customer Invoice | D-15 |
| CBS00053-CBS00055 – Beverage Bat by Month Summary | D-16 |
| Total labeling expenses for the Beverage Bat | D-17 |
| Deposition of Samuel McGee on November 17, 2022 (Non-Confidential) | D-18 |
| Deposition of Samuel McGee on November 17, 2022 (Confidential) | D-19 |
| Deposition of Samuel McGee on November 17, 2022 (Confidential – Outside Counsel's Eye's Only) | D-20 |
| Levy Letter dated December 4, 2019 | D-21 |
| Delaware North Email dated September 14, 2022 | D-22 |
| Plaintiff's Responses to Defendant's First Set of Interrogatories | D-23 |
| The Beer Bat – Generation 2 (photo in Exhibit – specimen submitted to the Court) | D-24 |
| Deposition of Scott Pino on November 17, 2022 (Non-Confidential) | D-25 |
| Deposition of Scott Pino on November 17, 2022 (Confidential) | D-26 |
| Deposition of Scott Pino on November 17, 2022 (Confidential – Outside Counsel's Eye's Only) | D-27 |
| USPTO File History – US Patent No. D888,498 | D-28 |
| Examples of Court Decisions Granting Summary Judgment of Non-Infringement | D-29 |
| Markup of Differences between the '498 Patent and the Beverage Bat | D-30 |

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 35775 | 7590 | 10/28/2022 |
| --- | --- | --- |

DESIGN IP, P.C.
1575 POND RD.
SUITE 201
ALLENTOWN, PA 18104

| EXAMINER |
| --- |
| PURSLEY, VANESSA MICHELLE |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2918 | |

DATE MAILED: 10/28/2022

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 29/814,646 | 11/08/2021 | Scott A. Pino | CBS-D0001 | 2564 |

TITLE OF INVENTION: Beverage Container

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | SMALL | $370 | $0.00 | $0.00 | $370 | 01/30/2023 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u> THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

*** ABRIDGED ***

PTOL-85 (Rev. 02/11)