UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC<br>            Plaintiff,<br>v.<br>COOPERSBURG ASSOCIATES, INC. dba COOPERSBURG SPORTS<br>            Defendant. | Case No. 22-cv-02256-JFL<br><br>**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE NON-CONFORMING SPECIMEN OF ACCUSED PRODUCT** |

SAMIAM GROUP, LLC files this Motion in Limine to preclude Defendant from presenting any evidence to the jury showing Defendant's drinking vessel product with an appearance different than how it appears when purchased by an ordinary purchaser at a baseball game. Specifically, Defendant has indicated that it intends to show the jury a "specimen" of its drinking vessel that does not have any baseball team logos. *See* Exh. D-1 (attached hereto). Such evidence is irrelevant to the ordinary observer test and would tend to confuse the jury as to what evidence can properly be used in deciding the issue of patent infringement.

The Court has the authority to decide the present motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) and rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) and to decide such motions to ensure the jury is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses. *See United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). A court may consider an *in limine* motion when it is more efficient to rule prior to trial and when the pre-trial motion facilitates more thorough briefing than would likely be available during the course of trial. *Japanese Elec.*, 723 F.2d at 260.

The Court may also consider *in limine* motions, when appropriate, under Federal Rules of Evidence 401, 402, and 403. Federal Rule of Evidence 402 provides that evidence is not admissible if it is not relevant, and evidence is not relevant when it does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

But, even if evidence is relevant it may be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice is an "undue tendency to suggest decision on an improper basis." *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (citing Fed. R. Evid. 403 advisory committee's note).

This is an action for the infringement of a design patent for a drinking vessel in the shape of a baseball bat. This Court has already ruled that Plaintiff's asserted design patent is valid, that the issue of infringement must be presented to the jury and decided based on the ordinary observer test, and that this test includes "all ornamental features visible during normal use of the product." *See* SJ Opinion (ECF #53). In this case, the accused product is normally sold with prominent baseball team logos.

Defendant has indicated that it intends to offer a sample of its drinking vessel into evidence at trial which differs in appearance from the drinking vessel as it is actually purchased by a fan at a baseball game in that it lacks the baseball team logo. Since the ordinary observer test relies on the perception of the ordinary purchaser, it is important that the jury evaluate the accused product in the form that it is actually sold to ordinary purchasers.

A drinking vessel without the baseball team is not relevant to the ordinary observer test because it is not used in commerce and sold to baseball fans. Further, it may be confusing to a jury as to what evidence is appropriate for the deliberation of design patent infringement. Indeed, removing the team logos would inevitably draw greater attention to other ornamental features of the accused product, and give greater weight to such other features.

Accordingly, Plaintiff seeks to preclude Defendant from presenting to the jury at trial any evidence relating to Defendant's drinking vessel product with an appearance different from the drinking vessel as it is purchased by an ordinary fan at a baseball game, specifically including but not limited to Exh. D-1.

Respectfully submitted,

/s/ Robert L. Epstein, Esq.
**Epstein Drangel LLP**
60 E. 42nd Street, Suite 1250
New York, NY 10165
Tel: 212 292 5390
Email: repstein@ipcounselors.com
(Pro Hac Vice)

/s/ Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com



**Coopersburg's Beverage Bat**