IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC,<br>                   Plaintiff,<br>    v.<br>COOPERSBURG ASSOCIATES, INC. dba Coopersburg Sports,<br>                   Defendant. | Case No. 22-cv-02256-JFL<br><br>**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S UNDISCLOSED WITNESSES FROM TESTIFYING** |

SAMIAM GROUP, LLC files this Motion in Limine to exclude Defendant's undisclosed witnesses, Arthene Derr and Colleen Knauss, from testifying at trial. These individuals were never identified in Defendant's Rule 26(a) disclosures — not initially and not in a supplemental disclosure. Instead, Defendant identified these proposed witnesses *only yesterday*, two months after pretrial discovery had ended. See **Exhibit 1** (email, 1/24/23).

This is an action for the infringement of Plaintiff's design patent for a drinking vessel in the shape of a baseball bat. This Court has already ruled that Plaintiff's asserted design patent is valid and that the issue of infringement must be presented to the jury and decided based on the ordinary observer test. See SJ Opinion (ECF #53).

In a design patent infringement case such as this one, a prevailing plaintiff has a statutory right to recover monetary damages calculated on the basis of the infringer's total profit from the accused product. See 35 U.S.C. § 289.

Therefore, from the very beginning Plaintiff sought discovery relating to Defendant's total profit from the accused product, including "the revenues obtained by defendant from the sale of the Accused Product" and/or "defendant's profits from the sale of the Accused Product, including any deductions . . . which defendant alleges are relevant to the calculation of said profits." See **Exhibit 2** (Plaintiff's first request for documents, 8/10/22).

To that end, Plaintiff also deposed Defendant's president, Scott Pino, who Defendant identified as being "familiar with Defendant's . . . sales of the accused product [and] revenue and profit from sales of the accused product . . . ." *See* **Exhibit 3** (Defendant's initial disclosures, 8/23/22). Notably, Pino was deposed as Defendant's Rule 30(b)(6) corporate designee. *See* **Exhibit 4** (deposition notice).

At his 11/17/22 deposition, Pino identified Derr and Knauss as bookkeepers, *see* **Exhibit 5** (transcript excerpt), but at no time did Defendant identify Derr or Knauss as potential witnesses — until yesterday.

According to Defendant, Derr and Knauss are expected to testify about Defendant's "revenue and expenses" from the accused product — the very same topics that are within Pino's knowledge.

Plaintiff respectfully asserts that, pursuant to Rule 37(c)(1), these surprise witnesses should not be permitted to testify.

As this Court has recognized, a party is precluded from calling a trial witness who was not identified in its Rule 26(a) disclosures, unless the failure was "substantially justified" or "harmless." *Utica Mut. Ins. Co. v. Cincinnati Ins. Co.*, 362 F. Supp. 3d 265, 271 (E.D. Pa. 2019) (Leeson, J.) (quoting Fed. R. Civ. P. 37(c)(1).

The Third Circuit has noted four factors that are helpful in deciding what is harmless under Rule 37(c)(1): "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *see also*

*Utica Mut.*, 362 F. Supp. 3d at 271. In addition, courts consider the "importance" of the evidence to the proffering party, which is "often the most significant factor." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012); *see also Utica Mut.*, 362 F. Supp. 3d at 271.

All the foregoing factors weigh in favor of exclusion.

*First*, Plaintiff is both surprised and prejudiced by Defendant's belated identification of these two witnesses. Throughout pretrial discovery Defendant identified its president, Pino, as its fact witness regarding its revenues, expenses, and profits from the Accused Product. At no time did Defendant identify anyone else as a potential fact witness on these issues. Plaintiff incurred substantial time, legal and court reporter fees and expenses in deposing Pino, and has not had an opportunity to depose Defendant's newly named proposed witnesses. *See Gallup, Inc. v. Kenexa Corp.*, 2003 U.S. Dist. LEXIS 9821, at *11 (E.D. Pa. May 28, 2003) (finding prejudice if the defendant's previously undisclosed witness were allowed to test about business revenues and costs, because the plaintiff "has not had an opportunity to depose [the proposed witness] to ascertain exactly what knowledge he possesses."); *Wachtel v. Guardian Life Ins.*, Civil Action No. 01-4183 (FSH), 2005 U.S. Dist. LEXIS 51523, at *24 (D.N.J. Aug. 31, 2005) (finding prejudice, because "plaintiffs would be faced with a trial involving witnesses when the full substance of their knowledge is unknown").

*Second*, Plaintiff has no viable way to mitigate that prejudice. Discovery has been closed for two months, and the trial is scheduled to begin in less than a month. Even if Plaintiff were permitted to depose Derr and Knauss now, that would come at the expense of Plaintiff's trial preparations and/or would require delaying the trial — something that is squarely against this Court's stated policies. *See Walsh v. Fusion Japanese Steakhouse, Inc.*, 585 F. Supp. 3d 766, 787 (W.D. Pa. 2022) (finding no viable way to cure the prejudice of belatedly disclosed witnesses

without disrupting the orderly and efficient trial, where discovery had been concluded, summary judgment motions had been resolved, and trial was scheduled to start in approximately six weeks); *see also Wachtel,* 2005 U.S. Dist. LEXIS 51523, at \*\*28-29 ("it would be unfair to require plaintiffs to re-prepare for depositions while in the midst of trial preparation").

*Third*, allowing Derr and Knauss to testify would disrupt the upcoming trial because, as noted above, discovery would need to be reopened to allow Plaintiff to depose them first, the trial date would need to be adjourned, and an amended pretrial scheduling order would be needed. *See Walsh*, 585 F. Supp. 3d at 787; *Wachtel,* 2005 U.S. Dist. LEXIS 51523, at \*28; *Gallup*, 2003 U.S. Dist. LEXIS 9821, at \*\*12-13 (finding disruption, where discovery had ended, the case had entered the trial pool, and "[a]llowing [the proposed witness] to testify regarding the financial aspects of [defendant's] business would require issuing a new scheduling order and yet another round of discovery").

*Fourth*, while there is no evidence that Defendant willfully concealed these two proposed trial witnesses, Defendant's compliance with its discovery obligations, including its Rule 26(a) disclosures, has been has been dilatory and piecemeal, compelling Plaintiff to seek Court involvement. *See* ECF #29, #30 (letters requesting discovery conference). Moreover, Defendant was obviously familiar with the factual knowledge of its own employees concerning this dispute but failed to name Derr and Knauss in its initial disclosures and did not make any supplemental disclosures as obligated under Rule 26(e)(1). This Court need not find willful concealment in order to consider this factor as weighing in favor of exclusion. *See Walsh*, 585 F. Supp. 3d at 787; *cf. Wachtel,* 2005 U.S. Dist. LEXIS 51523, at \*\*31-32 (finding willful concealment, where defendants' failure to properly identify witnesses "did not happen in isolation" but rather

alongside their failure to timely disclose relevant information and documents "until a time when plaintiffs could do nothing to investigate their contents").

*Lastly*, Derr's and Knauss's anticipated testimony does not appear to be critically important to Defendant's case. They are part-time bookkeepers whose proffered testimony about Defendant's revenues, profits, costs and expenses related to the Accused Product appears to be cumulative and duplicative of Pino's own testimony. Defendant should not be permitted to identify Pino as the person have such knowledge, present him for deposition as its Rule 30(b)(6) designee, and then decide, two months after discovery concluded, that Derr and Knauss should also testify on its behalf about substantially the same topics.

For all the foregoing reasons, Plaintiff respectfully requests that Defendant's previously undisclosed witnesses, Arthene Derr and Colleen Knauss, be excluded from testifying at trial.

Respectfully submitted,

/s/ Robert L. Epstein, Esq.
**Epstein Drangel LLP**
60 E. 42nd Street, Suite 1250
New York, NY 10165
Tel: 212 292 5390
Email: repstein@ipcounselors.com
(Pro Hac Vice)

/s/ Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com