# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC | |
| Plaintiff, | |
| v. | NO. 5:22-cv-02256 |
| COOPERSBURG ASSOCIATES, INC. dba COOPERSBURG SPORTS | JUDGE LEESON |
| Defendant. | |

**DEFENDANT'S INITIAL DISCLOSURES**

Defendant Coopersburg Associates, Inc. makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**Rule 26(a)(1)(A)(i)**

The following people are likely to have discoverable information that Defendant may use to support its defenses and claims in this action.

1. **Scott Pino** - 330 Linden Ave, Hellertown, PA 18055

    Mr. Pino is the President of Coopersburg Associates, Inc.  He is familiar with Defendant's development, promotion, and sales of the accused product, revenue and profit from sales of the accused product, Plaintiff's Beer Bat product, communications between counsel for the parties regarding the patent in suit, relevant prior art, and Plaintiff's reputation in the industry.

2. **Samuel McGee, Jr.** of Hartford, CT 06103.

    Mr. McGee is an owner of Samiam Group, LLC.  He is expected to be familiar with the conception and development of the claimed design of the patent in suit, prosecution of the patent in suit, the prior art, and the development, promotion, sale, and delivery of Plaintiff's Beer Bat products.

3. **Derrick Johnson** of Avon, CT.

   Mr. Johnson is identified as a co-inventor of the patent in suit and is expected to be familiar with the conception and development of the claimed design.

4. **Brett Virgl** of Cedar Rapids, IA.

   Mr. Virgl is identified as a co-inventor of the patent in suit and is expected to be familiar with the conception and development of the claimed design.

5. **Marcus Robinson** of Aurora, IL.

   Mr. Robinson is the owner of Gametime Corp. He is expected to be familiar with the prior art and the development and sourcing of the accused product.

6. **Camille D. Sauer**, Esq. of Washington, DC.

   Ms. Sauer, of the law firm of Banner & Witcoff, is the attorney whose signature appears on the application documents for the patent in suit and appears to have been responsible for prosecution of the patent in suit. She is expected to be familiar with the preparation, filing, and prosecution of the patent in suit.

7. All parties identified in discovery.

As additional information becomes available, Defendant reserves the right to supplement these disclosures as appropriate either directly or through the presentation of documentary evidence, discovery responses, witness testimony, and/or expert reports. In making these disclosures, Defendant does not waive any right, defense, objection, or applicable privilege.

**Rule 26(a)(1)(A)(ii)**

Defendant intends to rely on the following documents to support its claims or defenses:

1. Samples and images of the accused product and prior art.

2. Samples of Plaintiff's products.

3. The patent in suit and its USPTO file history.

4. Any reports by an expert witness.

5. Documents responsive to any subpoenas, or third-party subpoenas.

As additional information becomes available, Defendant reserves the right to supplement these disclosures as appropriate either directly or through the presentation of documentary evidence, discovery responses, witness testimony, and/or expert reports. In making these disclosures, Defendant does not waive any right, defense, objection, or applicable privilege.

**Rule 26(a)(1)(A)(iii)**

Pursuant to Rule 26(a)(1)(A)(iii), Defendant states that Plaintiff has not suffered any damages caused by Defendant. Defendant is entitled to the relief specified in its Answer to Plaintiff's Complaint and as may be established during the course of this litigation. As discovery proceeds in this case, Defendant will supplement these disclosures either directly or through the presentation of documentary evidence, discovery responses, witness testimony, and/or expert reports.

**Rule 26(a)(l)(A)(iv)**

Pursuant to Rule 26(a)(l)(A)(iv), Defendant states that it is not currently aware of the existence of any insurance agreements which could be used to satisfy any part of a judgment in this action.

DESIGN IP, A PROFESSIONAL CORPORATION

Date: August 23, 2022

/s/Damon A. Neagle
Damon A. Neagle (PA ID 90738)
Design IP, A Professional Corporation
1575 Pond Road, Suite 201
Allentown, PA 18104
Phone: 610-395-8005
E-mail: damonneagle@designip.com

Attorneys for Defendant