IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC,<br>                    Plaintiff,<br>    v.<br>COOPERSBURG ASSOCIATES, INC. dba Coopersburg Sports,<br>                    Defendant. | Case No. 22-cv-02256-JFL<br><br>**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM USING HEARSAY EXHIBITS AS EVIDENCE** |

SAMIAM GROUP, LLC files this Motion in Limine to preclude Defendant from presenting any and all written hearsay evidence to the jury. As detailed below, Defendant has identified a number of proposed defense exhibits that are inadmissible hearsay. Defendant should be precluded from using these exhibits as evidence of the matters asserted therein.

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

"Hearsay" is defined in the Federal Rules of Evidence as "a statement that: . . . the declarant does not make while testifying at the current trial or hearing; [which] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evidence 801(c). The

"statement" can be "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evidence 801(a). "Hearsay is not admissible [at trial] unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evidence 802.

This is an action for the infringement of Plaintiff's design patent for a drinking vessel in the shape of a baseball bat. This Court has already ruled that Plaintiff's asserted design patent is valid and that the issue of infringement must be presented to the jury and decided based on the ordinary observer test. *See* SJ Opinion (ECF #53).

In applying the ordinary observer test, the jury will be asked to compare Defendant's accused product with Plaintiff's patented design and determine whether they are "substantially the same." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020).

The other issues to be decided by the jury include the amount of damages, calculated on the basis of Defendant's total profits from the accused product, 35 U.S.C. § 289, but not less than what the jury finds to be a reasonable royalty, 35 U.S.C. § 284, and whether Defendant's infringement was willful. *See Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) ("the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement").

Defendant's proposed exhibits include these inadmissible hearsay documents:

**Exh. D-6:** This document, apparently prepared by counsel, purports to depict a side-by-side comparison of Plaintiff's patented design with the accused product, including a lengthwise cross-section of the accused product ("Fig. 8"). The comparison depicted therein was prepared out of court and is thus hearsay, and does not fall within any of the recognized hearsay exceptions. *Cf.* Fed. R. Evidence 803, 804. Also, the depiction of the lengthwise cross-section is

irrelevant, likely to confuse the jury, and inadmissible under Rules 402 and 403, because applying the ordinary observer test requires comparing Plaintiff's patented design with the *actual* accused product, not a cross-section thereof. Ordinary purchasers of the accused product would not cut the product in half, lengthwise.

**Exh. D-11:** This document purports to be a "summary of Beverage Bat Revenue and Expenses" prepared by "Collen Knauss." It is an out-of-court statement offered for the truth of the matters asserted therein. Fed. R. Evidence 801(c). Notably, it is a document specially prepared for the upcoming trial and is not an admissible business record. And, this document appears incomplete and was not produced in pretrial discovery. It is inadmissible hearsay.

**Exh. D-16:** This document purports to show Defendant's net profits from the accused product, from January 2021 through August 2022. It, too, is plainly an out-of-court statement offered for the truth of the matters asserted therein, specially prepared for this lawsuit, and is not an admissible business record. In addition, this document does not include any revenue from the past five months, purports to summarize undocumented sales commissions that are nowhere in evidence, and conclusorily asserts, without any breakdown or documentation whatsoever, that Defendant's "cost of inventory" amounted to over $300,000. These and similar issues have been raised previously, but Defendant has done nothing to remedy them. *See* ECF #46-1 at ¶¶ 14-15; *see also* ECF #29, #30. To the extent that Defendant has failed to provide actual business records documenting its purported expenses and sales commissions,[1] it should be precluded from relying on this hearsay document.

---

[1] After extended delays, Defendant did provide its sales figures, revenues and royalty payments, as reflected in its monthly royalty reports. Those reports do not include any information about sales commissions or the cost of inventory. Instead of relying on admissible business records, Defendant evidently prefers to rely on Ms. Knauss's hearsay. This should not be permitted.

**Exh. D-17:** This document purports to show Defendant's assumptions regarding its assembly costs, including labelling material, in-house labor, out-sourced labelling, shipping and general overhead, i.e. its pro-rata usage of ink and other items. It appears to have been prepared by Defendant's president, Scott Pino, for purposes of this lawsuit and is not an admissible business record, nor does it contain any indicia of reliability.

**Exh. D-21:** This exhibit consists of two letters from one of Plaintiff's customers concerning delayed fulfillment of an order. Defendant apparently intends to offer this exhibit as evidence of Plaintiff's previous supply chain issues and/or customer complaints. However, these letters do not qualify for the business records hearsay exception absent evidence that they were "made in the systematic conduct of a business as a business and as a matter of routine." *Gilmour v. Strescon Indus., Inc.*, 66 F.R.D. 146, 150 (E.D. Pa. 1975). And they do not qualify under the residual hearsay exception because Defendant has not subpoenaed the authors nor made any other reasonable attempt to procure their testimony. Fed. R. Evidence 807(a)(2). Moreover, these letters are inadmissible under Rules 402 and 403 because they have no bearing on whether the accused product infringes Plaintiff's design patent, whether Defendant acted willfully, or on Defendant's total profit from the accused product, and are instead offered simply to portray Plaintiff in a bad light.

**Exhs. D-25, -26, -27:** These exhibits comprise Scott Pino's deposition transcript and are addressed in a separately filed motion. In short, because Pino is not "unavailable" to testify in person, *see* Fed. R. Evidence 804(a), Defendant cannot use Pino's deposition testimony except to the extent that one of the Rule 803 hearsay exceptions apply. None do.

**Exh. D-29:** This is a five-page, lawyer-created document purporting to visually summarize design patent cases in which a court awarded summary judgment to the defendant.

*Cf*. ECF #37-25. Defense counsel's summary of these cases is of course hearsay and does not fit within any cognizable hearsay exception. Moreover, this exhibit is not relevant; Defendant's summary judgment motion has been denied. And, this exhibit is likely to confuse the jury by falsely suggesting that the jury consider these prior cases when applying the ordinary observer test and deciding whether this Defendant's accused product, in this case, is substantially similar in design to Plaintiff's patented design.

**Exh. D-30:** This is a three-page, lawyer-created summary of purported design differences between the accused product and Plaintiff's patent. *See* ECF #37-21. Defense counsel's summary is of course hearsay and does not fit within any cognizable hearsay exception. Moreover, this exhibit is likely to confuse and/or mislead the jury in applying the ordinary observer test, because it emphasizes particular points of difference at the expense of a straightforward visual evaluation of the accused product's overall design:

> Differences, however, must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation. Where, as here, the claimed design includes several elements, the fact finder must apply the ordinary observer test by comparing similarities in overall designs[.]

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

For all the foregoing reasons, Defendant should be precluded from offering any of these exhibits as evidence in this case.

                                        Respectfully submitted,

                                        /s/ Robert L. Epstein, Esq.
                                        **Epstein Drangel LLP**
                                        60 E. 42nd Street, Suite 1250
                                        New York, NY 10165
                                        Tel: 212 292 5390
                                        Email: repstein@ipcounselors.com
                                        (Pro Hac Vice)

/s/ Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com
