IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMIAM GROUP, LLC** | \| |
| **Plaintiff,** | \| |
| v. | \| NO. 22-cv-02256 |
| **COOPERSBURG ASSOCIATES, INC. dba COOPERSBURG SPORTS** | \| |
| **Defendant.** | \| |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant Coopersburg Associates, Inc., dba Coopersburg Sports ("Defendant"), by and through its undersigned counsel, hereby submits the following Pretrial Memorandum in accordance with This Honorable Court's Scheduling Order of September 1, 2022 (Doc. No. 14).

**I.      NATURE OF THE ACTION AND JURISDICTION**

The Plaintiff filed this suit alleging Defendant's infringement of United States Design Patent No. D888,498, which is directed to drinking vessel.  Plaintiff also alleged Pennsylvania unfair competition.  The Court granted summary judgment in favor of the Defendant unfair competition claim.  Therefore, this claim is no longer pending.

This Court has subject matter jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

**II.     STATEMENT OF FACTS**

    **A.      The Patent In Suit**

Plaintiff Samiam Group, LLC ("Samiam) is the owner of U.S. Design Patent No. D888,498 (hereinafter the "D498 Patent", FIG. 1 reproduced below) for a baseball bat-shaped drinking vessel

design, which issued on June 30, 2020. The only claim still active in this case is Samiam's allegation that Defendant's Beverage Bat drinking vessel infringes the D498 Patent.



FIG. 1

Samiam pursued a second U.S. design patent (U.S. Patent No. D888,499) for a bat-shaped drinking vessel, which is not asserted in this lawsuit.

Samiam contends that the patent in suit (U.S. Patent No. D888,498, hereinafter the "'498 Patent") protects the broad concept of "a drinking vessel that is baseball bat shaped." As explained in greater detail below, Defendant Coopersburg Associates, Inc. ("Coopersburg") contends that the term "The Beer Bat" is generic for the products at issue in this case (which resemble baseball bats and are intended to hold beer) and that the '498 Patent narrowly protects the specific design shown in the drawings of the '498 Patent.

Samiam also contends that The Beer Bat is the first drinking vessel shaped to resemble a baseball bat. This is not accurate. A few examples of products that were on sale long before the inventors of the '498 Patent conceived the design that became The Beer Bat are shown below.

  

**Dugout Mug**   **US Patent No. D809,867**   **US Patent No. D419,379**



**Baseball Decanter Set**

More importantly, even if Samiam was the first to market with a drinking vessel that looks like a baseball bat, it is irrelevant to the legal issues in this case. The only way to gain exclusive rights to this broad concept is with a utility patent, which Samiam chose not to seek.

3

2. **Commercialization of The Beer Bat**

Samiam developed and introduced The Beer Bat in 2018 in response to an invitation from the Hartford Yard Goats, a minor league baseball team. Samiam experienced sourcing / manufacturing issues with The Beer Bat from its introduction at least until Spring 2021. Documents produced by Samiam and informal feedback received by Coopersburg from customers indicate that these issues continued at least into the Fall of 2022.

Samiam's sourcing and manufacturing issues resulted in a manufacturer change and a change in the design of The Beer Bat in November of 2019. The original (Generation 1) and current versions (Generation 2) of The Beer Bat are reproduced below.




**Original Beer Bat (Gen 1)**                **Updated Beer Bat (Gen 2)**

Samiam also experienced manufacturing / quality control issues with both of versions of The Beer Bat, which caused warping along its length.

### 3.     Coopersburg's Beverage Bat

Coopersburg sells a wide variety of sports-themed products, including bats (full size, miniature, and polymer), salt & pepper mills, coasters, and drinking vessels, most of which are licensed by Major League Baseball or Minor League Baseball.  The product at issue in this lawsuit is Coopersburg's bat-shaped drinking container, which it calls the "Beverage Bat".

Coopersburg began developing the Beverage Bat in late 2019 pursuant to a customer request from the Hartford Yard Goats (a Minor League Baseball Team).  Coopersburg chose an appearance and name for the Beverage Bat that differentiated it from The Beer Bat and provided brand continuity with other Coopersburg products.  The appearance of the Beverage Bat is very similar to the CSX Bat, an existing Coopersburg product.



**BEVERAGE BAT**                                    **CSX BAT**

The CSX bat was based on a design from GameTime Corp, which was on sale well before the filing date of the '498 Patent. The primary modification was to remove the top of the CSX bat so that a beverage could be poured and retained therein and to enlarge the upper end of the bat to enable the bat to accommodate 24 ounces of fluid.

Due to the striking similarity between The Beer Bat and several existing wood and plastic bats, Coopersburg had no reason to suspect that Samiam had sought patent protection for its product. In addition, at the time Coopersburg began developing the Beverage Bat, the '498 Patent had not yet issued and the application upon which the patent was granted was not publicly available. Samiam did not begin including patent markings on The Beer Bat or marketing materials for The Beer Bat at least until May 24, 2021.

Coopersburg built an inventory of 25,000 units of the Beverage Bat in 2020 in anticipation of potential orders for the 2021 season. This is in contrast to Samiam's practice of requiring full payment in advance from its customers for The Beer Bat prior to commencing production of the ordered units. Coopersburg received its first customer orders in February 2021[1]. The pace of orders began to increase in mid-2021. It is Coopersburg's understanding that the increased orders were based upon dissatisfaction by Samiam's customers. This dissatisfaction stemmed from missed delivery deadlines, delivery of warped products, and Samiam's practice of requiring full payment in advance.

**4.     Pre-Litigation Communications**

Coopersburg first became aware of the '498 Patent in May 2021, upon receipt of a cease and desist letter from Samiam's former counsel[2]. Counsel for Coopersburg reviewed the matter,

---

[1] The 2020 minor league baseball season was canceled due to COVID-19, which is believed to be the primary reason no orders were received until 2021.
[2] Samiam contends, and Coopersburg denies, that Coopersburg was informed of the existence of the '498 Patent as early as June 2020.

performed a clearance analysis, concluded that there was no infringement, and provided a detailed response on June 21, 2021 denying infringement. No responsive communication was received from Samiam until April 20, 2022 -- nearly a year later. During that time, Coopersburg reasonably interpreted the lack of responsive communication as Samiam's acquiescence to Coopersburg's position. This lawsuit was filed less than two months later.

     5.    **Procedural Posture**

Fact discovery was completed on November 29, 2022. Neither party has engaged an expert witness in this case. On January 1, 2023, the Court granted summary judgment in favor of Coopersburg on Samiam's claim of unfair competition, leaving the design patent infringement claim as the only active claim in this case. The final pre-trial conference is scheduled for February 15, 2023 and the case is scheduled for trial on February 21, 2023.

### III. MONETARY DAMAGES CLAIMED

Defendant is not currently seeking any damages.

### IV. WITNESS LIST

1. **Scott Pino**
   c/o Damon Neagle
   Design IP
   1575 Pond Road, Suite 201
   Allentown, PA 18104

   This witness is expected to testify concerning the decision to develop and sell the Beverage Bat (the accused product in this case), circumstances that led to that decision, Defendant's knowledge of the patent in suit, prior art to the patent in suit, the basis of Defendant's belief that the Beverage Bat does not infringe the patent in suit, Plaintiff's position and reputation in the marketplace, and revenue and expenses associated with Defendant's sale of the Beverage Bat.

2. **Collen Knauss**
   c/o Damon Neagle
   Design IP

        1575 Pond Road, Suite 201
        Allentown, PA 18104

        This witness is expected to testify concerning revenue and expenses associated with Defendant's sale of the Beverage Bat.

3.    **Arthene Derr**
        c/o Damon Neagle
        Design IP
        1575 Pond Road, Suite 201
        Allentown, PA 18104

        This witness is expected to testify concerning revenue and expenses associated with Defendant's sale of the Beverage Bat.

Defendant reserves the right to supplement this witness list, to call as a witness any witness identified on the witness list of Plaintiff, to call any witness to testify as to the authenticity of any and all records that may be presented and whose authenticity may be disputed, and reserves the right to call additional witnesses to rebut testimony and evidence presented in Plaintiff's case-in-chief.

## V.    EXHIBIT LIST

A copy of a schedule listing of all of Defendant's trial exhibits is attached hereto as Exhibit A. Plaintiff has provided it proposed trial exhibits but, as of the filing of this memorandum, has not provided a schedule.

Defendant reserves the right to supplement this exhibit list, to use any exhibits identified on Plaintiff's exhibit list and to use any additional exhibits to rebut testimony and evidence presented in Plaintiff's case-in-chief.

## VI.    STATEMENT OF OBJECTIONS TO TRIAL EXHIBITS, ADMISSIBILTY OF EVIDENCE, AND ADMISSIBILITY OF OPINION TESTIMONY

Defendant has filed several motions *in limine* as set forth in § VIII, *infra.* Application of these motions to Plaintiff's trial exhibits is outlined in the following objections:

(a)     Plaintiff's Exhibit P-54 is an exhibit prepared by Plaintiff's counsel purportedly summarizing Defendant's documented revenues & expenses.  This summary exhibit was created by Plaintiff's counsel, and Defendant objects to its admissibility pursuant to Fed. R. Evid. 602 on the basis that the only person with personal knowledge of its authenticity and accuracy cannot testify, and for reasons set forth Defendant's brief in support of its motion *in limine* on this issue. (Document 65-1)

(b)     Plaintiff's Exhibits P-23, and P-52 through P-54 and P-56 are exhibits that should be excluded on the basis that Plaintiff has failed to provide Defendant with any documents or information of computations necessary to substantiate Plaintiff's claim for lost profits or reasonable royalties under 35 U.S.C. §284. Defendant objects to the admission of these exhibits on the basis of relevance pursuant to Fed. R. Evid. 401 and as further set forth in its brief in support of its motion *in limine* on this issue.  (Document 66-1)

(c)     Samiam has identified as trial exhibits Coopersburg's packing slips (P-50, P-51), invoices (P-24, P-26, P-27, P-29, P-39, P-44 through P-47, P-51),  purchase orders (P-22), royalty reports (P-52, P-53), and documents relating to Coopersburg's sales, revenues, and profits (P-23, P-25, P-41, P-42, P-43, P-48). Many of these trial exhibits include financial information prior to May 28, 2021. As Samiam has produced no evidence that Coopersburg had actual notice of the D498 Patent prior to May 28, 2021, financial information prior to this date is irrelevant to any material issue in the case. FRE 401. Further bases are set forth in its brief in support of its motion *in limine* on this issue. (Document 67-1).

(d)     Plaintiff's Exhibits P-5, P-7, P-8, P-12, P-13, P-14, P-16, P-17, P-18, P-20, P-30, P-35, P-40, and P-55, P-56. Defendant objects to the admissibility of these trial exhibits on the basis that evidence and testimony (a) relating to any comparison of Plaintiff's Beer Bat drinking

vessel with Defendant's Beverage Bat drinking vessel and (b) relating to alleged third-party confusion between Plaintiff's Beer Bat drinking vessel and Defendant's Beverage Bat drinking vessel is irrelevant, to any material issue in the case. Moreover, to the extent that any evidence or testimony relating to alleged third-party confusion between Plaintiffs Beer Bat drinking vessel and Defendant's Beverage Bat drinking vessel is in the form of social media posts, such evidence is also inadmissible hearsay. Further bases are set forth in Defendant's brief in support of its motion *in limine* on this issue. (Document 68-1)

## VII. DAYS FOR TRIAL

Defendant estimates it will take between two (2) and three (3) days to try this case in its entirety, including jury selection.

## VIII. LEGAL ISSUES / OTHER MATTERS

The following is a list of important legal issues on which the Court may be required to rule, along with the best legal authority on each issue.

1. **Pending Motions *in Limine*.** There are several motions *in limine* pending before the Court. The best legal authority is presented in the briefing in support of each motion.

2. **Whether the design patent covering the Beverage Bat obtained by Defendant and allowed over the '498 Patent may be *considered* by the jury when evaluating infringement** - *Curver Luxembourg v. Home Expressions Inc.*, 938 F.3d 1334, 1343 (Fed. Cir. 2019).

3. **Whether damages for willful infringement are available to Plaintiff, given that Plaintiff's First Amended Complaint does not plead damages for lost profits or a reasonable royalty under 35 U.S.C. §284 and Plaintiff has produced insufficient evidence to support either damages theory under 35 U.S.C. §284**. *Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 823-24 (Fed. Cir. 1992)

4. **Whether Coopersburg had actual notice of the patent in suit, in the manner required by 35 U.S.C. §287(a) prior to May 28, 2021**. *Amsted Industries v. Buckeye Steel Castings,* 24 F.3d 178, 187 (Fed. Cir. 1994).

    Respectfully submitted,

                DESIGN IP, A PROFESSIONAL CORPORATION

Date:  February 8, 2023          /s/Damon A. Neagle
                                            Damon A. Neagle (PA ID 90738)
                                            Design IP, A Professional Corporation
                                            1575 Pond Road, Suite 201
                                            Allentown, PA 18104
                                            Phone:  610-395-8005
                                            E-mail:  damonneagle@designip.com
                                            *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Defendant's Pretrial Memorandum was filed using the ECF system and is available for viewing and downloading from the ECF system.

Service upon Jonathan R. Miller and Robert L. Epstein, attorneys for Plaintiff, will be affected via electronic service of a Notice of Electronic Case Filing on the date set forth below.

Date:  February 8, 2023			/s/Damon Neagle
					Damon A. Neagle