**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMIAM GROUP, LLC <br>      Plaintiff, <br>   v. <br> COOPERSBURG ASSOCIATES, INC. dba <br> COOPERSBURG SPORTS <br><br>      Defendant. | Case No. 22-cv-02256 |

**JOINT BRIEF SUMMARY OF CASE TO BE READ BY THE COURT TO THE JURY**
**POOL PRIOR TO VOIR DIRE**

  This case concerns a claim for patent infringement. The Plaintiff is Samiam Group, LLC.

The Defendant is Coopersburg Associates, Inc., a company doing business as Coopersburg

Sports. The Plaintiff, Samiam, holds a design patent for a drinking vessel in the shape of a

baseball bat. The Defendant, Coopersburg, sells its own drinking vessel, also in the shape of a

baseball bat. Samiam has sued Coopersburg, and alleges that Coopersburg's baseball bat-shaped

drinking vessel infringes Samiam's patented design. The Court has already determined that

Samiam's patent is valid and enforceable. Coopersburg denies that it has infringed Samiam's

patent. If you are selected as a juror in this case, it will be your job to decide whether

Coopersburg has infringed Samiam's patent and, if so, what damages Samiam is entitled to and

whether Coopersburg's infringement is willful.

**JOINT SUMMARY OF CASE TO BE READ BY THE COURT TO THE SEATED JURY**
**BEFORE OPENING STATEMENTS.**

  In this case, the Plaintiff, Samiam Group, LLC has sued the Defendant, Coopersburg

Associates. Samiam alleges that Coopersburg infringes Samiam's patent for the design of a

baseball bat-shaped drinking vessel by making, importing, marketing and selling its own baseball

bat-shaped drinking vessel. The Court has already determined that Samiam's patent is valid and enforceable. Coopersburg denies that its baseball bat-shaped drinking vessel infringes Samiam's patent.

Now that you have been selected as a juror in this case, you must decide whether Coopersburg has infringed Samiam's design patent. To do that, you must compare the appearance of Coopersburg's drinking vessel, which Coopersburg calls the Beverage Bat, with the design of the drinking vessel illustrated in Samiam's patent.

You can expect to hear testimony from Samuel McGee Jr., the president of Samiam, and from Scott Pino, the president of Coopersburg. Mr. McGee will likely testify about the creation of Samiam's design for a baseball bat-shaped drinking vessel, how it was designed and patented, and why Samiam believes that Coopersburg's baseball bat-shaped drinking vessel is substantially the same as Samiam's patented design. Mr. Pino will likely testify about the creation of Coopersburg's baseball bat-shaped drinking vessel, the Beverage Bat, and why Coopersburg believes that its baseball bat-shaped drinking vessel is not substantially the same as Samiam's patented design.

Mr. Pino will also be called to testify about issues relating to the amount of damages to be awarded if you, the jury, find that Coopersburg has infringed Samiam's patent.

If you, the jury, find that Coopersburg has infringed Samiam's patent, you must determine what damages Samiam is entitled to. Under the law, if Samiam proves that Coopersburg has infringed Samiam's design patent, Samiam is entitled to damages in the amount of Coopersburg's total profit from the Beverage Bat. In general, total profits are determined by taking the gross revenues obtained from the infringing product and subtracting the expenses incurred in obtaining those revenues. In this case, Samiam has the burden of proving

Coopersburg's gross revenues, and Coopersburg has the burden of proving the expenses and other deductions that should be subtracted from gross revenues in order to determine its total profit.

You can expect that financial documents provided by Coopersburg and others will be offered into evidence to support the revenues calculation. You can also expect that Scott Pino, president of Coopersburg, may testify and offer documents into evidence to prove the expenses Coopersburg incurred in order to make the sales of the Beverage Bat, and thus must be deducted from the revenues to find Coopersburg's profits.

The parties agree that Coopersburg was notified of Samiam's allegations of infringement on May 28, 2021. Samiam contends that Coopersburg was notified even earlier, as early as June 2020.  Coopersburg denies that it was aware of the existence of Samiam's patent or an allegation of infringement by Samiam prior to May 28, 2021.  You, the jury, must decide when Coopersburg was first notified of Samiam's allegation that the Beverage Bat infringes the Samiam's patent, and use that date as the start date to measure the amount of revenues and the deductions which are associated with those revenues. This is because any sales that occurred before Coopersburg was notified about Samiam's allegation of infringement cannot be included in calculating damages. Samiam has the burden of proving when Coopersburg was first notified about Samiam's infringement allegations. Coopersburg has the burden of proving which sales occurred before it was notified..

If you determine that the Beverage Bat infringes Samiam's design patent, you must also decide whether Coopersburg's infringement was willful. In order to determine if the infringement by Coopersburg is willful, you must decide whether Coopersburg deliberately and intentionally infringed Samiam's patent after being notified by Samiam of its allegations of infringement.

Coopersburg admits that has continued to sell the Beverage Bat throughout this litigation, but contends that its actions are not willful because it reasonably believes that the Beverage Bat does not infringe Samiam's design patent.

Whether or not Coopersburg's actions were willful should not be a factor considered by you, the jury, in awarding damages. If you, the jury, find that Coopersburg infringed Samiam's patent, you must award damages in the amount of Coopersburg's total profit from the infringement. I, as the Judge, may take your determination regarding willfulness into account in deciding whether to award additional damages and whether to issue an injunction.

Respectfully submitted,

/s/ Robert L. Epstein, Esq.
**Epstein Drangel LLP**
60 E. 42nd Street, Suite 1250
New York, N.Y. 10165
Tel. (212) 292-5390
repstein@ipcounselors.com
(*Pro Hac Vice*)

/s/ Damon A. Neagle, Esq.
**Design IP, P.C.**
1575 Pond Road, Suite 201
Allentown, PA 18104
Tel. (610) 395-8005
damonneagle@designip.com

*Attorneys for Coopersburg Associates, Inc. dba Coopersburg Sports*

/s/ Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com

*Attorneys for Samiam Group, LLC*