## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIAM GROUP, LLC<br><br>     Plaintiff,<br><br> v.<br><br>COOPERSBURG ASSOCIATES, INC. dba<br>COOPERSBURG SPORTS<br><br><br>     Defendant. | Case No. 22-cv-02256 |

---

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

---

Robert L. Epstein, Esq.
**Epstein Drangel LLP**
60 E. 42nd Street, Suite 1250
New York, N.Y. 10165
Tel. (212) 292-5390
repstein@ipcounselors.com
(*Pro Hac Vice*)



Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com



*Attorneys for Samiam Group, LLC*

Damon A. Neagle, Esq.
**Design IP, P.C.**
1575 Pond Road, Suite 201
Allentown, PA 18104
Tel. (610) 395-8005
damonneagle@designip.com


*Attorneys for Coopersburg Associates, Inc.
dba Coopersburg Sports*

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS .............................................................................1

1   Nature Of The Action ...........................................................................................1

   1.1   What A Design Patent Is And How One Is Obtained ...............................1

   1.2   The Design Patent Or Patents Involved In This Case ............................3

   1.3   Duty Of Jury ...............................................................................................4

2   Evidence ................................................................................................................5

   2.1   What Is Evidence .......................................................................................5

   2.2   What Is Not Evidence ................................................................................6

   2.3   Evidence For Limited Purpose .................................................................7

   2.4   Direct And Circumstantial Evidence .......................................................8

   2.5   No Transcript Available To Jury ...............................................................9

   2.6   Deposition In Lieu Of Live Testimony ...................................................10

   2.7   Credibility Of Witnesses .........................................................................11

   2.8   Burden Of Proof — Preponderance Of The Evidence ..........................12

3   Glossary Of Patent And Technical Terms ......................................................13

4   Contentions Of The Parties ..............................................................................15

5   Claim Interpretation .........................................................................................16

POST TRIAL INSTRUCTIONS ...........................................................................17

6   Summary Of Patent Issues ..............................................................................17

7   Claim Construction ...........................................................................................18

   7.1   Claim Construction - Generally .............................................................18

   7.2   Claim Construction For The Case ..........................................................19

8   Infringement ......................................................................................................20

   8.1   Infringement - Generally ........................................................................20

   8.2   Direct Infringement - Knowledge Of Patent Or  Intent To Infringe Is Immaterial ......................................................................................................22

   8.3   Direct Infringement ................................................................................23

   8.4   Scope And Content Of Prior Art.............................................................24

   8.5   Willful Infringement ...............................................................................25

9   Design Patent Damages ....................................................................................26

**9.1**     **Damages - Generally** ................................................................**26**

**9.2**     **Damages - When Damages/Profits Begin** ..............................**27**

**9.3**     **Damages - Burden Of Proof** ...................................................**28**

    **9.4**     **Additional Remedy For Design Patent Infringement - Defendant's Profit** ....**29**

**APPENDIX** ....................................................................................................**30**

    **10**       **Proposed Verdict Form** ...............................................................**31**

<u>**PRELIMINARY INSTRUCTIONS**</u>

**1      NATURE OF THE ACTION**

**1.1      WHAT A DESIGN PATENT IS AND HOW ONE IS OBTAINED**

This case involves a dispute over a United States design patent. Before summarizing the positions of the parties and the legal issues involved in the dispute, I want to explain what a design patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called the "Patent Office" or "PTO"). There are two basic types of patents in the United States: utility patents and design patents. In general terms, a "utility patent" protects the way an article is used and works. It can also protect a method or process of making or doing something or a composition of matter. On the other hand, a "design patent" protects the way an article looks. A design patent is directed to the ornamental design for an article of manufacture. "Ornamental design" means the shape of the design, and/or the surface decoration on the design. A valid United States design patent gives the patent owner the right for fifteen years from the date the patent is granted to prevent others from making, using, offering to sell, or selling the patented design within the United States or from importing it into the United States without the patent holder's permission. A violation of the patent owner's rights is called infringement. The patent owner may try to enforce a design patent against persons believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called patent prosecution. The first step in the process is to file an application with the Patent Office. The Patent Office is an agency of the federal government and employs trained examiners who review applications for patents. A design patent application includes what is called a "specification," which must contain one or more drawings of the design, a description of the drawings, and a single claim. The drawings may be line drawings or photographs. The claim generally refers to the drawings and how they are described. After the applicant files the application, a Patent Office examiner reviews the patent application to determine whether the claimed design is patentable. In examining a design patent application, the examiner reviews records available to the PTO for what is referred to as "prior art." The examiner will also review any prior art submitted to the PTO by the applicant. Prior art is defined by law, and at a later time I will give you specific instructions as to what constitutes prior art. However, in general, prior art includes things that were publicly known, commercialized, or were patented or described in a publication before the filing date of the application. The examiner considers, among other things, whether the claim defines a design that is new and not obvious in view of the prior art. A design patent lists the prior art that the examiner considered in deciding to allow the application; this list is called the "references cited."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether the claim is patentable, and thus would be "allowed." If the examiner rejects the claim, the applicant then responds and sometimes changes the claim (by amending the existing drawings) or submits a

new claim.  This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application including the claim meets the requirements for a design patent.  The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history."  All of this material becomes available to the public when the design patent issues.  When the patent is granted by the Patent Office, it gives notice to the public of what the Patent Office and the patent applicant regard as the patentable design.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010); *National Jury Instruction Project's Model Patent Jury Instructions*, 1.1; 35 U.S.C. § 171 provides: "[w]hoever invents any new, original, and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title."

### 1.2    THE DESIGN PATENT OR PATENTS INVOLVED IN THIS CASE

There is a single design patent asserted in this case, namely United States Patent No. D888,498, which claims an ornamental design for a drinking vessel. Design patents are often referred to by their last three digits. The design patent in this case is referred to as the '498 design patent.

Let's take a closer look at the design patent in this case. The cover page of the design patent identifies the date the design patent was granted and the patent number along the top, as well as the inventors' names, the filing date, and the list of references cited and considered in the PTO (this list may continue on the next page of the design patent).

The cover page of the design patent also includes the claim, which is a single sentence and incorporates the one or more drawings or photographs and their description. At least a portion of this description is also usually set forth on the cover page. Subsequent page(s) of the design patent include its one or more drawings or photographs.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*.*

### 1.3     DUTY OF JURY

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answers to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have  been discharged.  Do not disclose any vote count  in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*.*

## 2       EVIDENCE

## 2.1    WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)**.**

## 2.2    WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I gave a limiting instruction, you must follow it.

4. Anything you may see or hear when the court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*.*

## 2.3     EVIDENCE FOR LIMITED PURPOSE

Some evidence will be admitted for a limited purpose only.  When I instruct you that an item of evidence will be admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)**.**

**2.4     DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)**.**

### 2.5    NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. You may request, however, that the court read back to you selected testimony.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)**.**

### 2.6    DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)**.**

**2.7     CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  any statement or prior testimony made by the witness that is inconsistent with the witness's testimony;

4.  the witness's manner while testifying;

5.  the witness's interest in the outcome of the case and any bias or prejudice;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010).

### 2.8    BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means the evidence must persuade you that the claim or defense is more probable than not. You should base your decision on all of the evidence, regardless of which party presented it.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*; National Jury Instruction Project's Model Patent Jury Instruction, 1.4.*

## 3    GLOSSARY OF PATENT AND TECHNICAL TERMS

To assist you in your deliberations, I have attached a Glossary of Patent and Technical Terms that identifies terms used in patent matters and gives you a definition of those terms.

### GLOSSARY OF PATENT TERMS

**Application** - The initial papers filed by the applicant with the United States Patent and Trademark Office (also called the "Patent Office" or "PTO").

**Claim** - The portion of the design patent that defines the design. Each design patent includes a single claim that includes a single sentence beginning with the expression "The ornamental design for . . ." and refers to the "specification," which is defined later. The claim defines the scope of the patent holder's exclusive rights during the life of the design patent.

**Drawings** - The drawings are visual representations of the claimed design contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed design. The drawings may be line drawings, photographs, or computer- generated images. The drawings are part of the specification.

**Examination** - Procedure before the U.S. Patent and Trademark Office whereby a patent examiner reviews the filed patent application to determine if the claimed design is patentable.

**File Wrapper** - Another term for the "prosecution history" defined later.

**Filing Date** - Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.

**License** - Permission to use or make the patented design, or perform any of the other exclusive rights granted by the patent, which may be granted by a patent holder (or a prior licensee) in exchange for a fee called a "royalty" or other types of payment.

**Office Action** - Communication from the patent examiner regarding the patent application.

**Patent Examiners** - Persons employed by the PTO who review (examine) patent applications, each in a specific design area, to determine whether the claim of the patent application is patentable and whether the specification adequately describes and enables the claimed design.

**Prior Art** - Prior art is not art as one might generally understand the word "art". Rather, prior art is a technical term relating to patents. In general, it includes things that existed before the claimed design and might typically

13

be a patent or a printed publication. I will give you a more specific
definition of prior art later.

**Prosecution History** - The written record of proceedings between the applicant
and the PTO, including the original patent application and later
communications between the PTO and applicant. The prosecution history
includes the Office actions mailed by the Patent Office and the
amendments to the patent application and arguments filed by the applicant
during the examination process.

**Specification** - The information that describes and shows the ornamental design
referenced in the claim of the design patent. The specification includes a
description and one or more drawings and/or photographs, all of which are
incorporated into the claim. In the specification, the one or more drawings
and/or photographs must include a sufficient number of views to constitute
a complete disclosure of the appearance of the design claimed.

**Ordinary Skill in the Art** - The level of experience, education, and/or training
that those individuals who worked in the area of the design ordinarily
possessed at the time of the effective filing date of the patent application.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*; National Jury
Instruction Project's Model Patent Jury Instruction, 1.6*

**4      CONTENTIONS OF THE PARTIES**

The Plaintiff, Samiam Group, LLC ("Samiam") contends that the Defendant, Coopersburg Associates, Inc. dba Coopersburg Sports ("Coopersburg") has made, used, offered to sell, sold and/or imported a drinking vessel product into the United States that infringes the claim of the '498 design patent. Samiam seeks damages sufficient to compensate it for Coopersburg's infringement. Samiam also contends that Coopersburg's infringement was willful. Coopersburg denies that it is infringing the claim of the '498 design patent. Coopersburg further denies Samiam's willfulness contention.

Samiam bears the burden of proof by a preponderance of the evidence that Coopersburg infringes the claim of the '498 design patent.

Samiam bears the burden of proof by clear and convincing evidence that Coopersburg's infringement was willful.

Based on the instructions I will give you, it will be your job to decide whether the claim of the '498 design patent has been infringed. This Court has already determined that the '498 design patent is valid. If you decide that the claim of the '498 design patent has been infringed, you will then need to decide any money damages to be awarded to Samiam as compensation for the infringement. You will also need to decide whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you make. I will take willfulness into account later.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*; National Jury Instruction Project's Model Patent Jury Instructions, 2.1.*

## 5      CLAIM INTERPRETATION

A design patent only protects the particular ornamental design claimed by the inventor and allowed by the Patent Office. It protects the overall ornamental visual impression of the claimed design. It does not protect a broad general design concept. So, to decide whether Coopersburg infringed the '498 design patent, you must first understand what the claim of the '498 design patent covers.

The scope of the claim is defined by the drawings in the '498 design patent, not just by one feature of the claimed design. The scope of the claimed design encompasses its visual appearance as a whole and in particular the overall visual impression it creates. You should consider all of the features of the '498 design patent as a whole and not merely isolated portions of the claimed design.

Since a claimed design is better represented by its drawings rather than a description, I will not attempt to "construe" the claim of the '498 design patent by providing a detailed verbal description of the claimed design.

However, any features shown in broken lines in the drawings of the '498 design patent and described in the specification as disclaimed are excluded from the claimed design. Failure to show features in broken lines signals inclusion of such features in the claimed design. Moreover, the claimed design as shown by the drawing(s) is supplemented by the description set forth in the '498 design patent. The prosecution history of the '498 design patent may also have an effect on the claimed design.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*; See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995 (holding that every solid line in drawings forms part of the claim, regardless as to whether such features are functional or ornamental); *see also*, *In re Blum*,  374 F.2d 904, 907 (CCPA 1967) ("[a] design is a unitary thing and all of its portions are material in that they  contribute to the appearance which constitutes the design.") (*emphasis added*); *Contessa Food Prods. Inc. v.  Conagra, Inc.*, 282 F.3d 1370, 1376-78 (Fed. Cir. 2002); *Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993); *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 104-05 (Fed. Cir. 1996);  *Egyptian Goddess Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (*en banc*); *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313 (Fed. Cir. 2001); *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1116 (Fed. Cir. 1998).

## POST TRIAL INSTRUCTIONS

**6      SUMMARY OF PATENT ISSUES**

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.  You must decide the following three main issues:

1. Whether Samiam has proved that Coopersburg infringed the '498 patent.

2. Whether Coopersburg's infringement was willful.

3. What amount of damages, if any, Samiam has proved.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*.*

# 7     CLAIM CONSTRUCTION

## 7.1     CLAIM CONSTRUCTION - GENERALLY

Before you decide whether Coopersburg has infringed Samiam's patent, you will have to understand the design patent claim.

The design patent claim states that it covers the design "as shown and described." The figure drawings are intended to define the boundaries of the claimed design.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010); 37 C.F.R. § 1.153; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (*en banc*); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1311-12 (Fed. Cir. 2005) (*en banc*); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1285-86 (Fed. Cir. 2002); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 374, 116 S.Ct. 1384, 1388, 134 L.Ed.2d 577 (1996).

**7.2     CLAIM CONSTRUCTION FOR THE CASE**

*<< The Parties Do Not Agree On The Language Of This Instruction >>*

**8      INFRINGEMENT**

**8.1      INFRINGEMENT - GENERALLY**

The questions of the Verdict Form read as follows:

*[READ TEXT OF INFRINGEMENT VERDICT QUESTIONS].*

I will now instruct you as to the rules you must follow when deciding whether Samiam has proven that Coopersburg infringed the '498 patent.

Patent law gives the owner of a valid patent the right to exclude others from importing, making, using, offering to sell, or selling the patented design within the United States during the term of the patent. Any person or business entity that has engaged in any of those acts without the patent owner's permission infringes the patent. Here, Samiam alleges that Coopersburg's drinking vessel product infringes the '498 patent.

You have heard evidence about both Samiam's commercial drinking vessel product and Coopersburg's accused drinking vessel product. However, unless I have instructed you otherwise, in deciding the issue of infringement you may not compare Coopersburg's accused drinking vessel product to Samiam's drinking vessel commercial product. Rather, you must compare Coopersburg's accused drinking vessel product to the '498 design patent when making your decision regarding infringement.

A patent may be infringed directly or indirectly. Direct infringement results if the accused product "incorporates the patented design or any colorable imitation thereof." Indirect infringement results if the defendant induces another to infringe a patent or contributes to the infringement of a patent by another. In this case, Samiam asserts that Coopersburg has directly infringed the patent. This case does not involve indirect infringement.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010); Adapted from the American Intellectual Property Law Association's (AIPLA) Model Patent Jury Instructions, 3.0; 35 U.S.C. § 271; 35 U.S.C. 289; *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1116- 17 (Fed. Cir. 1998); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993); *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs., Inc.*,138 F.3d 1448, 1454 (Fed. Cir.1998) (*en banc*); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)  (*en banc*), *aff'd*, 517 U.S.370, 374, 116 S.Ct. 1384, 1388, 134 L.Ed.2d 577 (1996); *Sun Hill Indus., Inc.v. Easter Unlimited, Inc.*, 48 F.3d 1193, 1196 (Fed. Cir. 1995); *Payless Shoesource, Inc. v. Reebook Int'l Ltd.*, 998 F.2d 985,  990 (Fed. Cir. 1993); *but see*, *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125-26 (Fed. Cir. 1993)  ("When the patented design and the design of the article sold by the patentee are substantially the same, it is not error to compare the patentee's and the accused articles directly, indeed, such comparison may facilitate application  of *Gorham* criterion

of whether an ordinary purchaser would be deceived into thinking that one were the other.");
*Braun, Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 820 n.8 (Fed. Cir.1992); *Lee v. Dayton-Hudson Corp.*,  838 F.2d 1186, 1189 (Fed. Cir. 1988).

### 8.2    DIRECT INFRINGEMENT - KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL

In this case, Samiam asserts that Coopersburg has directly infringed the patent. Coopersburg would be liable for directly infringing Samiam's patent if you find that Samiam has proven that it is more likely than not that Coopersburg has made, used, offered to sell, or sold the design defined in Samiam's patent. This standard of proof is called the "preponderance of evidence."

Someone can directly infringe a patent without knowing that what they are doing is an infringement of the patent. They also may directly infringe a patent even though they believe in good faith that what they are doing is not an infringement of any patent.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010); Adapted from AIPLA Model Patent Jury Instructions, 3.1; 35 U.S.C. § 271(a); *BMC Resources v. Paymentech,L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007) ("Direct infringement is a strict liability offense."); *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1330 (Fed. Cir. 2001) (that alleged infringer believed that the claims should be interpreted differently and that he did not infringe because of it, this belief was not a factor in determining direct  infringement); *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).

**8.3**     **DIRECT INFRINGEMENT**

*<< The Parties Do Not Agree On The Language Of This Instruction >>*

**8.4     SCOPE AND CONTENT OF PRIOR ART**

Prior art is knowledge that is publicly available (as from the description in an already existing patent, from publications, or from public use or sale) before the date of filing a claim for a patent for an invention.

In deciding whether Coopersburg infringed Samiam's design patent you will need to take into consideration the prior art entered into evidence, including:

1.   Design Patent No. D809,867 (Thirstbat);

2.   Design Patent No. D419,379 (Drinking Container)

3.   Dugout Mug

4.   Baseball Decanter Set

I am instructing you that actual baseball bats are not considered prior art in this case, because baseball bats are not drinking vessels.


***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010); 35 U.S.C. § 102.

## 8.5     WILLFUL INFRINGEMENT

*<< The Parties Do Not Agree On The Language Of This Instruction >>*

# 9      DESIGN PATENT DAMAGES

## 9.1      DAMAGES - GENERALLY

I will now instruct you on damages. If you find that Coopersburg's product infringes the '498 design patent, then you must determine the amount of damages to be awarded Samiam for the alleged infringement.

By instructing you on damages, I am not suggesting which party should win on any issue. These instructions are provided to guide you on the calculation of damages in the event you find infringement of the '498 design patent, and thus must address the damages issue.

A plaintiff in a design patent case can elect to prove either actual damages, known as compensatory damages, or they may elect to prove the defendant's profits as its measure of potential recovery.

In this case, Samiam seeks to prove Coopersburg's profits.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010)*; National Jury Instruction Project's Model Patent Jury Instructions*, 6.1 and 7th Circuit Pattern Jury Instructions, 4.1; 35 U.S.C. §§284 and 289; *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1290-92  (Fed. Cir. 2002).

**9.2     DAMAGES - WHEN DAMAGES/PROFITS BEGIN**

*<< The Parties Do Not Agree On The Language Of This Instruction >>*

### 9.3    DAMAGES - BURDEN OF PROOF

Samiam must prove each element of its damages by a preponderance of the evidence.

Where the parties dispute a matter concerning damages, it is Samiam's burden to prove that it is more probable than not that Samiam's version is correct. Samiam must prove the amount of damages with reasonable certainty, but need not prove the amount of damages with mathematical precision. However, Samiam is not entitled to damages that are remote or speculative.

***Cited Authority:***

Adapted from *IPO Model Design Patent Jury Instructions* (2010); *National Jury Instruction Project's Model Patent Jury Instructions*, 6.2; Wechsler v. Macke Int'l *Trade, Inc.,* 486 F.3d 1286, 1293- 94 (Fed. Cir. 2007); *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.,* 425 F.3d 1366, 1372-73 (Fed. Cir. 2005); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.,* 346 F.3d 1057, 1072 (Fed. Cir. 2003); *Grain Processing Corp. v. Am-Maize Products Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (plaintiff must prove the amount of its lost profits by a reasonable probability); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (*en banc*) (same); *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1030-31 (Fed. Cir. 1996) (the amount of lost profits cannot be based on mere speculation); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.,* 926 F.2d 1161, 1164 n.2 (Fed. Cir. 1991) (same); *Lam, Inc. v. Johns-Mansville Corp.,* 718 F.2d 1056, 1065 (Fed. Cir. 1983) (doubts resulting from defendant's failure to retain appropriate records are to be resolved in the plaintiff's favor); *Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1428 (Fed. Cir. 1988) (same); *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) (mathematical certainty is not required).

### 9.4   ADDITIONAL REMEDY FOR DESIGN PATENT INFRINGEMENT - DEFENDANT'S PROFIT

In this case, Samiam has elected to seek Coopersburg's profit. If you find infringement, you are to award Samiam Coopersburg's total profit attributable to the infringement.

Coopersburg's "total profit" means the entire profit on the sale of the article to which the patented design is applied, or with which it is used and not just the portion of profit attributable to the design or ornamental aspects of the patent. "Total profit" does not include profit attributable to other products that may be sold in association with an infringing article embodying the patented design. A design patent owner can recover the profit not only of the manufacturer or producer of an infringing article, but also of other sellers in the chain of distribution.

Samiam is entitled to all profit earned by Coopersburg that is attributable to the infringement. Profit is determined by deducting certain expenses from gross revenue. Gross revenue is all of Coopersburg's receipts from using the design in the sale of the infringing products. Samiam has the burden of proving Coopersburg's gross revenue by a preponderance of the evidence.

Expenses can include costs incurred in producing the gross revenue, such as the cost of the goods. Other costs may be included as deductible expenses if they are directly attributable to the sales of the infringing products resulting in a nexus between the infringing products and the expense. Coopersburg has the burden of proving the deductible expenses and the portion of the profit attributable to factors other than use of the infringed design by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the infringing product is attributable to factors other than use of the infringed design, you shall find that the total profit is attributable to the infringement.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010); 35 U.S.C. § 289; *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-1292, (Fed. Cir. 2002); *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447-48 (Fed. Cir. 1998); *Braun, Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 824 (Fed. Cir. 1992); *Trans-World Mfg. Corp. v. A1 Nyman & Sons, Inc.*, 750 F.2d 1552, 1566-68 (Fed. Cir.1984); *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 495 (D. Minn. 1980).

**<u>APPENDIX</u>**

**10      PROPOSED VERDICT FORM**

*<< The Parties Do Not Agree On The Language Of This Verdict Form >>*