**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMIAM GROUP, LLC<br><br>               Plaintiff,<br><br>   v.<br><br>COOPERSBURG ASSOCIATES, INC. dba<br>COOPERSBURG SPORTS<br><br><br>              Defendant. | Case No. 22-cv-02256 |

---

**PLAINTIFF'S UNAGREED-UPON PROPOSED JURY INSTRUCTIONS**
**AND VERDICT FORM**

---

Robert L. Epstein, Esq.
**Epstein Drangel LLP**
60 E. 42nd Street, Suite 1250
New York, N.Y. 10165
Tel. (212) 292-5390
repstein@ipcounselors.com
(*Pro Hac Vice*)


Jonathan R. Miller, Esq.
**The Law Firm of Jonathan R. Miller**
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. (609) 955-1226
jonathan.miller@lawyer.com


*Attorneys for Samiam Group, LLC*

**TABLE OF CONTENTS**

POST TRIAL INSTRUCTIONS..................................................................................1

7.2      Claim Construction For The Case ..............................................................1

8.3      Direct Infringement....................................................................................2

8.5      Willful Infringement ..................................................................................4

9.2      Damages - When Damages/Profits Begin ..................................................5

10       Proposed Verdict Form ..............................................................................6

<u>**POST TRIAL INSTRUCTIONS**</u>[1]

**7.2       CLAIM CONSTRUCTION FOR THE CASE**

It is my job as judge to provide to you the meaning of the claim of the asserted design patent(s). You must accept the meaning that I give you and use it when you decide whether the design patent has been infringed and whether the design patent is invalid.

The scope of the claim encompasses the claimed design's visual appearance as a whole and in particular the visual impression it creates. It does not cover any broad general design concept. Taking into account all figures in the patent, you must consider all of the visual features of the '498 design patent as a whole and not merely isolated portions or individual features of the claimed design. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the '498 design patent and described in the specification as disclaimed are excluded from the claimed design. Failure to show features in broken lines signals inclusion of such features in the claimed design.

The various features of the overall appearance of the design may perform a function - that is the nature of an article of manufacture for which this design patent has been granted. If such functional features are illustrated in solid lines, they are part of the claimed design based on how they contribute to the overall visual appearance. ~~If you conclude that the appearance of specific features of the claimed design are dictated by functional purpose, you should limit the contribution of the overall appearance of the claimed design to the ornamental aspects of these elements.~~

The first page of the '498 design patent states that the even-length broken lines depicting of the unshaded elements of the drinking vessel in FIG. 8 show features that form no part of the claimed design. It also states that the uneven-length broken lines depicting the remainder of the drinking vessel in FIGS. 6 and 8 show features that form no part of the claimed design. This means that the shape and size of ~~portions of~~ the interior of the drinking vessel ~~that do not contain surface shading or are depicted in broken lines~~ are disclaimed, that is, not part of the claimed design of the '498 design patent.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010); 37 C.F.R. § 1.152; *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 374, 116 S.Ct. 1384, 1388, 134 L.Ed.2d 577 (1996); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679-80 (Fed. Cir. 2008) (*en banc*); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*); *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).

---

[1] Plaintiff's proposed language, not accepted by Defendant, is shown in bold. Defendant's unaccepted language is shown by blue strikeout.

**8.3**        **DIRECT INFRINGEMENT**

To determine infringement, you must compare the overall appearances of the accused design and the claimed design (using my instructions as to the meaning of the claimed design).

Before conducting your infringement analysis, you must familiarize yourself with each of the prior art designs that have been brought to your attention in this litigation. In view of this prior art, if you find that, by a preponderance of evidence, the overall appearance of the accused design is substantially the same as the overall appearance of the claimed design, then you must find that the accused design infringes the design patent. In conducting this analysis, keep in mind that minor differences between the patented and accused designs should not prevent a finding of infringement. analysis. ~~The visual effect of any ornamental labels or logos that remain on the Beverage Bat at the point of sale may be considered when evaluating infringement.~~ In weighing your decision, you should consider any perceived similarities or differences. **Baseball team logos, which are not owned by Coopersburg and which differ from team to team, are not part of Coopersburg's accused design and should not be considered in your analysis.**

When evaluating designs, be it the claimed design, accused design, and prior art designs, you should always focus on the overall appearance of a design, and not individual features. You should consider and weigh any perceived similarities and differences.

In conducting your analysis, you may find the following guidelines helpful:

⎯ ~~If you conclude that the claimed design and the accused design are plainly dissimilar, meaning that it is clear that the accused product is not "substantially the same" as the claimed design, then the prior art need not be considered in your infringement analysis.~~

1. When the claimed design is visually close to the prior art designs, small differences between the accused design and the claimed design may be important to your analysis as to whether the overall appearance of the accused design is substantially the same as the overall appearance of claimed design.

2. If the accused design includes a particular feature of the claimed design that departs conspicuously from the prior art, you may find the inclusion of that feature important to your analysis as to whether the overall appearance of the accused design is substantially the same as the overall appearance of claimed design.

3. If the accused design is visually closer to the claimed design than it is to the closest prior art, you may find this comparison important to your analysis as to whether the overall appearance of the accused design is substantially the same as the overall appearance of claimed design.

2

While these guidelines may be help to your analysis, please keep in mind that the sole test for infringement is whether you believe that the overall appearance of the accused design is substantially the same as the overall appearance of the claimed design. If you find that the accused design is substantially the same, then you must find that the accused design infringes the design patent.

***Cited Authority:***

*Adapted from IPO Model Design Patent Jury Instructions (2010); Gorham Co. v. White*, 81 U.S. 511, 526-28, 20 L.Ed. 731 (1871); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670-78 (Fed. Cir. 2008) (*en banc*); *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 821 (Fed. Cir. 1992) (jury is a panel of "ordinary observers" for purposes of design patent infringement); *see also*, 35 U.S.C. § 289 (there is design patent infringement where the accused design is, the same as or a colorable imitation of, the claimed design).

**8.5      WILLFUL INFRINGEMENT**

Samiam asserts that Coopersburg has willfully infringed Samiam's design patent.

The issue of willful infringement is relevant to the amount of damages Samiam is entitled to recover in this lawsuit. However, if you decide that Coopersburg willfully infringed the claim of Samiam's design patent, then it is my job to decide whether or not to award increased damages to Samiam. You should not take this factor into account in assessing the damages, if any, to be awarded to Samiam.

In order to decide this issue, you, the jury, must determine whether Coopersburg's infringement was deliberate or intentional**, rather than unknowing or accidental**. Willfulness is subjective and is "measured against the knowledge of the actor at the time of the challenged conduct." Legitimate and credible defenses to infringement during the time of the challenged conduct, even if ultimately unsuccessful, demonstrate a lack of willfulness.

*Cited Authority:*

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021).

4

**9.2        DAMAGES - WHEN DAMAGES/PROFITS BEGIN**

The amount of Coopersburg's profits that Samiam can recover is limited to those acts of infringement by Coopersburg that occurred after it was notified by Samiam, **or by someone acting on its behalf,** of its allegations that the Beverage Bat infringes the '498 Patent.

In this case, the parties agree that Coopersburg knew about Samiam's '498 design patent by May 28, 2021, when Samiam sent a cease-and-desist letter to Coopersburg.

In addition, Samiam contends that, in fact, Coopersburg was notified about Samiam's '498 design patent and its alleged infringement shortly after it was approved in June 2020.

Your job is to determine whether Samiam has proven by a preponderance of the evidence that Coopersburg was notified before May 28, 2021 by Samiam, **or by someone acting on its behalf,** of its allegations that the Beverage Bat infringes the '498 Patent and, if so, when.

You should calculate damages from the date that you determine that Coopersburg was first notified by Samiam, **or by someone acting on its behalf,** of its allegations that the Beverage Bat infringes the '498 Patent, but no later than May 28, 2021. You should not award damages for any infringement by Coopersburg occurring before it was notified by Samiam, **or by someone acting on its behalf,** of its allegations that the Beverage Bat infringes the '498 Patent.

Coopersburg contends that it made no profit from the Accused Product until February 2021. If you determine that Coopersburg was first notified by Samiam, **or by someone acting on its behalf,** of its allegations that the Beverage Bat infringes the '498 Patent at any time before February 1, 2021, you should award damages based on Coopersburg's total profits from the Accused Product, from February 2021 through today.

*Cited Authority:*

Adapted from *IPO Model Design Patent Jury Instructions* (2010); *National Jury Instruction Project's Model Patent Jury Instructions*, 6.3; 35 U.S.C. §287; *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316-17 (Fed. Cir. 2009); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1073 (Fed. Cir. 2003); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1353 (Fed. Cir. 2001); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 188-87 (Fed. Cir. 1994).

**10**        **PROPOSED VERDICT FORM**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMIAM GROUP, LLC<br>                    Plaintiff,<br>       v.<br>COOPERSBURG ASSOCIATES, INC. dba<br>COOPERSBURG SPORTS<br><br>                    Defendant. | Case No. 22-cv-02256<br><br><br>**VERDICT FORM** |

Based on the evidence admitted at trial and in accordance with the instructions as given by the Court, we, the jury, unanimously agree to the answers to the following questions:

**1.  Infringement**

Has Samiam proven that it is more probable than not that Coopersburg infringed the claim of the '498 design patent?

**Yes** ☐          **No** ☐

**2.  When Infringement Began**

If you have found that Coopersburg infringed the claim of the '498 design patent, do you find that Samiam has proven that it is more probable than not that Coopersburg was ~~first~~ notified by Samiam, **or by someone acting on its behalf,** of its allegations that the Beverage Bat infringes the '498 Patent before May 28, 2021?

If so, when: _____

**3.  Damages**

If you have found that the claim of the '498 design patent is infringed, what damages do you find Samiam has proven that it is more probable than not it has suffered as a result of that infringement?

Coopersburg's Total Profits: _____

**Total Damages: _____**

**4.  Willful Infringement**

      If Samiam has proven that it is more probable than not that Coopersburg infringed the claim of the '498 design patent, has Samiam proven that it is highly probable that the infringement of the claim of the '498 design patent was willful?

**Yes** ☐          **No** ☐

    For the Jury:

        By: _____
            Foreperson

***Cited Authority:***

    Adapted from *IPO Model Design Patent Jury Instructions* (2010)*; National Jury Instruction Project's Model Patent Jury Instructions*.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date appearing below, a copy of the within document was served on all counsel of record via ECF.


Date: February 9, 2023                     /s/ Jonathan R. Miller, Esq.